UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN GEORGE REBERS III,

     Plaintiff,

v.                                  CASE NO. 8:25-cv-766-SDM-NHA

CITY OF TAMPA, *et al.*,

     Defendants.

_____/

**ORDER**

Rebers's complaint alleges that the defendants violated his civil rights when a police officer unnecessarily shot him with a taser. An earlier order (Doc. 7) grants Rebers leave to proceed *in forma pauperis*. Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on some of the defendants is not warranted and Rebers must file an amended complaint.

Rebers alleges that, after an altercation with employees inside a local drug store, he walked a few blocks away and rested on a sidewalk. Store employees called the police and, based on the description provided by the employees, defendant Officer Cella found and approached Rebers. Despite his non-threatening demeanor, Rebers alleges both that Officer Cella used a taser on him and that supervisor defendants Corporal Turner and Lieutenant Bishop allowed Officer Cella to transport Rebers to the jail rather than precluding Cella's further participation.

Rebers names Corporal Turner and Lieutenant Bishop as defendants, but he fails to allege any fact showing their personal involvement in the alleged use of excessive force. Instead, Rebers alleges that "the two supervisors . . . should have initiated remedial measures to protect me from possible further conflict" with Officer Cella and that their omission was "unprofessional and negligence." (Doc. 2 at 6) Rebers does not allege that he sustained any further physical injury from Office Cella after the initial use of a taser.

Rebers cannot pursue a Section 1983 action based only on the person's supervising someone who allegedly wronged Rebers. A claim against a supervisor based on an act by a subordinate asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Rebers's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Consequently, the complaint is insufficient to state a claim against either Corporal Turner or Lieutenant Bishop, and, likewise, Rebers cannot pursue a claim against the City of Tampa as the employer of the police officers.

Also, to the extent that he alleges that Corporal Turner and Lieutenant Bishop were later involved, Rebers cannot pursue a Section 1983 claim based on their alleged

negligence. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

Lastly, Rebers names Officer Mogilewicz as a defendant. Affording the complaint a generous interpretation, the only involvement of this officer was responding to the initial call from the drug store employees and writing a report. Because the pleading asserts no fact showing that Officer Mogilewicz was directly involved in the alleged use of excessive force, the complaint is insufficient to state a claim against Officer Mogilewicz.

Rebers requests the appointment of counsel. "The pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). A civil litigant has no constitutional right to counsel because a Section 1983 action is a civil action for damages and because Rebers's physical liberty is not at risk. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). The fundamental fairness requirement of the due process clause of the Fourteenth Amendment to the United States Constitution requires appointment of counsel in a civil case only in an "exceptional circumstance." *Lassiter*, 452 U.S. at 31. *See Steele v. Shah*, 87 F.3d 1266,

1271 (11th Cir. 1996). Rebers fails to meet his burden of presenting an "exceptional circumstance" requiring the appointment of counsel.

Rebers may file an amended complaint limited to his claim against Officer Cella, which pleading must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

The standard civil rights complaint form allows a plaintiff to specify whether he sues a defendant in their official capacity or individual capacity. Rebers checked both boxes. Official capacity and individual capacity are commonly confused with the requirement that, to assert a civil rights action under 42 U.S.C. § 1983, the defendant must act "under color of law." The "under color of law" requirement means that the defendant must have acted as an agent of a government — whether state, county, or city. For example, a government employee who causes an injury while performing a governmental duty acts "under color of law," but the same employee who causes an injury while not performing a governmental duty does not act "under color of law."

An allegation that an employee caused an injury while performing a governmental duty meets the "under color of law" requirement for a claim against the employee in his individual (or personal) capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."). An action against a defendant in his individual capacity seeks to hold the defendant personally liable for his individual acts. To the contrary, a claim against a defendant in his official capacity requires proof that an official policy or custom caused the alleged injury. An official capacity claim is actually a claim against the governmental entity without regard to the person who committed the act or to the person who holds the official position. *Kentucky v. Graham*, 473 U.S. 159, 195 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690); *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.") (citing *Graham*). For example, an official capacity claim against an office holder stays with the office without regard to the identity of the person holding the office; an individual capacity claim stays with the individual (even if the individual leaves the office) and does not transfer to the next person holding the office. To establish the liability of a governmental entity, the official policy or custom "must be 'the moving force of the constitutional violation . . . .'" *Polk County, Iowa v. Dobson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). *Accord Barnett v. MacArthur*,

956 F.3d 1291, 1296 (11th Cir. 2020).  Because the allegation against Office Cella is based on his personal act of shooting Rebers with a taser, Rebers must pursue a claim in the officer's individual capacity only.

Also, Rebers is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment.  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**.  The failure to timely file an amended complaint will result in the dismissal of this action without further notice.  The clerk must send to Rebers the required civil rights complaint form.

## <u>A CAUTION TO MR. REBERS</u>

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Rebers is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on April 18, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE