**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARTIN GEORGE REBERS, III,

     Plaintiff,

v.                                                               CASE NO. 8:25-cv-766-SDM-NHA

JASON CELLA,

     Defendant.

_____/

### ORDER

Rebers sues under 42 U.S.C. § 1983 Tampa Police Officer Jason Cella and alleges that, on January 29, 2023, the officer violated his rights by using a taser when the need for force was "completely unreasonable and unjustified." (Doc. 14 at 13) Defendant Cella moves under Rule 56, Federal Rules of Civil Procedure, for summary judgment. An earlier order (Doc. 32) cautions Rebers about both the need to oppose the motion and the finality of summary judgment if the motion is granted. Nevertheless, Rebers has not opposed the motion despite an earlier order (Doc. 35) granting his request for an extension of time.

Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See In re Optical Technologies, Inc.*, 246 F.3d 1332, 1334 (11th Cir. 2001). The party moving for summary judgment has the initial burden of

showing the absence of a genuine issue of material fact. *Johns v. Jarrard*, 927 F.2d 551, 555 (11th Cir. 1991). Viewed in the light most favorable to the non-moving party, the papers must show the absence of a genuine issue of material fact and the moving party's entitlement to judgment as a matter of law. *See generally Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590 (11th Cir. 1995). Even though allegations in a *pro se* complaint are held to a less stringent standard than a formal pleading drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998), the plaintiff's allegation must have factual support. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1321 (11th Cir.) *reh'g and suggestion for reh'g en banc denied*, 182 F.3d 938 (11th Cir. 1999).

Once the movant presents evidence that, if not controverted, would entitle the movant to judgment as a matter of law, the burden shifts to the non-moving party to assert specific facts demonstrating a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Pennington v. City of Huntsville*, 261 F.3d 1262 (11th Cir. 2001). If one party's claim is implausible, that party must present more persuasive facts than necessary to show merely that a genuine factual issue exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 58–-87 (1986); *Wood v. City of Lakeland*, 203 F.3d 1288 (11th Cir. 2000). *See also Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th

Cir. 2002) ("A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'"). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Anderson*, 477 U.S. at 248.

Rebers alleges that officer Cella used excessive force when arresting him and unnecessarily shot him with a taser. Defendant Cella supports his motion for summary judgment with video from the body camera worn by the officer who first encountered and arrested Rebers. The video refutes Rebers's allegations of excessive force, specifically, the video shows (1) that no force was used except to assist Rebers to his feet while handcuffed, (2) that Office Cella had no taser on his belt, and (3) that Rebers was not shot by a taser by any officer. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018), explains further:

> When considering the record on summary judgment "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan [v. Cotton*, 572 U.S. 650, 651 (2014)] (quotation marks and alterations omitted). But in cases where a video in evidence "obviously contradicts [the nonmovant's] version of the facts, we accept the video's depiction instead of [the nonmovant's] account," *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010), and "view[ ] the facts in the light depicted by the videotape," *Scott [v. Harris*], 550 U.S. at 380–81, 127 S. Ct. at 1776 [(2007)].

- 3 -

*See also Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (explaining that for evidence to be discounted at summary judgment, it must be more than simply self-serving or unsubstantiated; the evidence must be "blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature"); *Marantes v. Miami-Dade Cnty.*, 776 F. App'x 654, 665 (11th Cir. 2019) ("The video clearly contradicts Marantes's claim that he was restrained and subdued at the time. Accordingly, we are obligated to "view[ ] the facts in the light depicted by the videotape.") (quoting *Scott*) (brackets original); *Butler v. Sec'y, Fla. Dep't of Corr.*, No. 20-11097, 2021 WL 4279555, at *3 (11th Cir. Sept. 21, 2021) (holding that, based on the video of the cell extraction, "there is no genuine dispute of fact concerning whether the officers were justified in using force or whether they used only the amount of force necessary to handcuff Butler").

Based on the uncontroverted evidence, Office Cella is entitled to summary judgment. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

Cella's motion (Doc. 30) for summary judgment is **GRANTED**. The clerk must enter a judgment against Rebers and close this case.

ORDERED in Tampa, Florida, on April 30, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 4 -